UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER M. WHEELER,

    Plaintiff,

v.

WASHINGTON STATE, *et al.*,

    Defendants.

Case No.  C05-5765FDB

ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff filed this action challenging the length of time he was held on an arrest warrant.  (Dkt. # 1).  He alleges he was held for an illegal amount of time and names as defendants the United States Marshals Service, the states of Arizona and Washington, King and Maricopa counties, the governor of Arizona, and the Phoenix Police Department.  (Dkt. # 1).

    This action challenges the legality of confinement.  While plaintiff seeks monetary damages, a ruling in his favor would undermine or call into question the length and legality of his incarceration.

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct

ORDER
Page - 1

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Here, plaintiff challenges the length of time he was held on arrest warrants.  When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**"  <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2373 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

<u>Id</u>. at 2374.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* <u>Edwards v. Balisok</u>, 117 S.Ct. 1584, 1587 (1997)).

Plaintiff asks for monetary damages but he challenges length of incarceration. He has not shown his sentence has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2373 (1994).  At this point, the court must dismiss the plaintiff's 42 U.S.C. § 1983 claim for failure to state a claim.  This dismissal would count as a strike under the prison litigation reform act.

1  The court does not believe plaintiff can cure these defects, however, plaintiff should be given
2  a chance to respond. Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** why this action
3  should not be dismissed. Plaintiff's response to this order is due on or before **February 17th, 2006.**
4  The clerk is directed to send a copy of this order to plaintiff and to note the **February 17th,**
5  **2006** due date on the court's calendar.

7  DATED this 23rd day of January, 2006.

   Karen L. Strombom
   United States Magistrate Judge

ORDER
Page - 3