UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER WHEELER,

    Plaintiff,

v.

WASHINGTON STATE *et al.*,

    Defendants.

Case No. C05-5765FDB

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE

    This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1)(B). This matter comes before the court upon plaintiff's request/motion to voluntarily dismiss his complaint, (Dkt. # 10). After reviewing plaintiff's motion, the pleadings made in support thereof, and the remaining record, the Court should GRANT the motion and dismiss this matter without prejudice.

### DISCUSSION

    Under Rule 41, a plaintiff has the right to voluntarily dismiss his case when no answer or motion for summary judgment has been filed by an adverse party. Rule 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment. Roddy v. Dendy, 141 F.R.D. 261, 262 (S.D. Mississippi, 1992). Unlike a Rule 41(a)(1) dismissal, a Rule 41(a)(2) dismissal requires court approval and is only effective "upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir.1989). When ruling on a motion to dismiss without prejudice, the district court must determine whether the

defendant will suffer some plain legal prejudice as a result of the dismissal. <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1169 (9th Cir.1994); <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d 143, 145 (9th Cir.1982).

     Here, the complaint has not been served. Thus, plaintiff has a right to dismiss the action.

<u>CONCLUSION</u>

     Accordingly, plaintiff's request to voluntarily dismiss his complaint (Dkt. # 10) should be GRANTED. A proposed order accompanies this report and recommendation.

     Dated this 8th day of March, 2006.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge